UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MELODIE HUNTER,

        Plaintiffs,

   v.

CITY OF HENDERSON, HENDERSON
POLICE DEPARTMENT, CLARK
COUNTY DEPARTMENT OF FAMILY
SERVICES,

        Defendants.

Case No. 2:26-cv-00129-RFB-EJY

**ORDER**

Pending before the Court are Plaintiff's Application to Proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. The IFP Application is complete and granted below. However, Plaintiff's Complaint fails to allege facts sufficient to state a claim upon which relief may be granted. Because this defect may be cured through amendment, the Court dismisses Plaintiff's claims without prejudice and with one opportunity to amend in accordance with the Court's instructions.

**I.    Screening Standard**

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Discussion**

   A.    Plaintiff's Complaint.

Plaintiff's Complaint arises from events that occurred on June 13, 2026 leading to the removal of her three children by Child Protective Services ("CPS"), which is part of Clark County Department of Family Services. That evening, Plaintiff went out to dinner with her boyfriend. ECF No. 1-1 at 6. Plaintiff left her 14-year-old son at home and her two younger children with their biological father. *Id*. While driving home from dinner Plaintiff and her boyfriend started to argue. *Id*. Plaintiff states that because of her boyfriend's height and the way previous arguments escalated, she decided she would stay in the car when they arrived at her home in an effort to "deescalate the

situation." *Id*. Plaintiff alleges that her boyfriend "forcibly" took her out of the car and into the house where her son was present. *Id*. Once inside the home, Plaintiff called the police because she feared for her safety. *Id*.

Officers from the Henderson Police Department ("HPD") arrived on the scene and ultimately arrested Plaintiff and her boyfriend. *Id*. at 7. Plaintiff submits she was detained for 24 to 30 hours, but no charges were filed against her. *Id*. Upon release from police custody Plaintiff was told her children had been removed from her care. *Id*. Plaintiff's 14-year-old son was subsequently sent to New York to live with his father and the two younger children were placed in separate locations and sent to different schools. *Id*. At some unidentified time, the case brought by CPS was dismissed and Plaintiff's two younger children were returned to her care. *Id*. Plaintiff's 14-year-old son remains in New York. *Id*.

Plaintiff attempts to state two constitutional claims. First, Plaintiff alleges a Fourth Amendment violation for unlawful arrest against the City of Henderson. ECF No. 1-1 at 8. Second, Plaintiff alleges a Fourteenth Amendment violation against the Clark County Department of Family Services as well as the "City of Henderson (HPD)"[1] based on the removal of her children. *Id*. at 9. While Plaintiff brings her Fourteenth Amendment claim against the City of Henderson (HPD), the Court liberally construes her claim against these entities as arising under the Fourth Amendment. Accordingly, the Court screens Plaintiff's Fourth Amendment claim against the City of Henderson (HPD) and Fourteenth Amendment claim against Clark County Department of Family Services.

B.    Plaintiff Does Not State a Constitutional Violation.

i.    *Plaintiff's allegations are insufficient to support a Fourth Amendment claim against the City of Henderson (HPD).*

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. To state a claim for unlawful arrest under the Fourth Amendment, Plaintiff must allege she was arrested without probable cause or other justification. *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (internal citations and quotations omitted). "Probable cause exists when there is a fair

---

[1]    HPD references Henderson Police Department.

3

probability or substantial chance of criminal activity … based upon the totality of the circumstances known to the officer at the time of the arrest." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (cleaned up).

Plaintiff alleges that she called the police for help based on what appears to be a potential domestic violence situation, but that she was arrested along with her boyfriend. ECF No. 1-1 at 6. Other than these facts, Plaintiff offers only the conclusory allegation that the police did not have probable cause to arrest her. *Id*. at 8. Plaintiff's conclusory allegation is insufficient to demonstrate a facial violation of the Fourth Amendment. To state this claim, Plaintiff must allege facts surrounding her arrest that were known by the arresting officer demonstrating that the totality of the circumstances did not support a finding that there was probable cause she had committed a crime or posed a serious threat of harm to others. Despite the lack of facts currently alleged, the Court finds Plaintiff may be able to amend her Complaint to include facts demonstrating that only her boyfriend, not she, should have been arrested as he was the only person who placed others in danger of physical harm. Thus, the Court grants Plaintiff one opportunity to amend this claim so that she may include a more robust description of events leading to her arrest.

Plaintiff must also plead additional facts depending on which Defendant(s) she names in her Fourth Amendment claim. Plaintiff may sue the individual arresting HPD officers by naming the officers as Defendants acting in their individual capacities. If Plaintiff does not know the identity of the arresting HPD officers, she may name them as a Doe defendant, and if her claims proceed, she may seek discovery from HPD in order to learn the names of the officers sued.

If Plaintiff chooses to rename the City of Henderson as a defendant based on an alleged violation of her Fourth Amendment rights, she cannot proceed based on attempting to hold the City vicariously liable for the conduct of its officers. Liability under § 1983 requires personal participation by each defendant; there is no respondeat superior liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Thus, to sue the City of Henderson for conduct allegedly engaged in by HPD officers, Plaintiff must allege a constitutional violation arising out of an official department policy, practice,

4

or custom. *Monell v. Department of Social Services of N.Y.*, 436 U.S. 658, 690 (1978). More specifically, a plaintiff asserting a constitutional claim against a municipality like the City of Henderson under *Monell* must, at a minimum, allege: (1) the plaintiff had "a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

Further, before a *Monell* claim will proceed to litigation, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A local governmental entity may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, the City of Henderson may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, the City of Henderson may be liable under 42 U.S.C. § 1983 when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

To assert such claims against the City of Henderson, Plaintiff must allege that her injury was the result of an official policy, longstanding practice or custom, or made by someone with final policy-making authority that violated her Fourth Amendment rights. Moreover, Plaintiff is advised that naming the City of Henderson and HPD for the same alleged conduct is redundant, and that moving forward, the City of Henderson is the proper defendant to Plaintiff's claim. *See Weible v. Provost*, Case No. 2:22-cv-00812-GMN-EJY, 2022 WL 16578694, at *4 (D. Nev. Sept. 27, 2022), *report and recommendation adopted,* Case No. 2:22-cv-00812-GMN-EJY, 2022 WL 16575684 (D. Nev. Nov. 1, 2022). Plaintiff is given one opportunity to amend her Complaint to

allege additional facts to support her Fourth Amendment claim against the City of Henderson under *Monell* and possibly the arresting HPD Officer.

> ii.    *Plaintiff does not state a due process violation.*

To state a procedural due process claim, Plaintiff must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Tutor-Saliba v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006) (citation omitted). Here, Plaintiff alleges that her children were removed before there was any determination by a court regarding her "wrongdoing." ECF No. 1-1 at 9. The Court liberally construes Plaintiff's contention as asserting her children were removed without prior notice and an opportunity to be heard regarding their removal.

Although the "Fourteenth Amendment guarantees that parents will not be separated from their children without due process of law" this right is subject to exceptions arising from emergencies. *Mabe v. San Bernadino Cnty., Dept. of Pub. Soc. Serv's*, 237 F.3d 1101, 1107 (9th Cir. 2001) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)). That is, "officials may remove a child from the custody of its parent without prior judicial authorization" if at the time of removal such officials possess "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000). Courts treat the arrest of both parents as sufficient to demonstrate exigent circumstances supporting the warrantless removal of a child. *Reyna v. Cnty. of Los Angeles*, Case No. CV 19-2629 PA (MAAx), 2020 WL 3840299, at *4 (C.D. Cal. Apr. 6, 2020), *aff'd,* 840 Fed.Appx. 955 (9th Cir. 2021).

The fact that Plaintiff's children were removed prior to any judicial determination of whether the children faced an imminent danger of serious bodily harm may be very upsetting to Plaintiff, but this fact alone does not state a constitutional claim. Nonetheless, if Plaintiff can allege sufficient facts to demonstrate her arrest was without probable cause, then she may be able also allege that exigent circumstances did not exist to support the removal of her children.

Like Plaintiff's Fourth Amendment claim, Plaintiff may need to allege additional facts based on whom she names as a Defendant in her Fourteenth Amendment claim. If Plaintiff seeks to Clark

County Department of Family Services and or CPS, she must name Clark County as the proper defendant and plead facts that meet the *Monell* standard. *Mullins v. Cnty. of Fresno*, Case No. 1:21-cv-00405-AWI-SAB, 2021 WL 5304015, at *3 (E.D. Cal. Nov. 15, 2021) (collecting cases) (sub-units of local governments are generally not considered "persons" under the civil rights act at 42 U.S.C. § 1983, which is the vehicle through which Plaintiff's Fourteenth Amendment claim is brought).  In sum, the Clark County Department of Family Services, which oversees CPS, is not a proper defendant in this matter.  Instead, if Plaintiff seeks to bring claims focused on either of these entities, she must sue Clark County itself.  *Yahral v. Fincher*, Case No. 2:24-cv-02042-CDS-MDC, 2025 WL 2211254, at *6 (D. Nev. Aug. 4, 2025) (internal citation omitted).  In doing so, Plaintiff's potential claim against Clark County must also comply with the requirements of *Monell* discussed above.

Alternatively, Plaintiff may choose to sue the individual CPS case workers who removed Plaintiff's children as Defendants in their individual capacities.  *See Demaree v. Pederson*, 887 F.3d 870, 879 (9th Cir. 2018) (per curiam).  Even if Plaintiff does not know the identity of the CPS case workers, she may name the individuals as a Doe defendant and later may seek discovery to learn their names.  Plaintiff should be aware the CPS case worker may be entitled to qualified immunity if (1) the law governing the official's conduct was clearly established; and (2) under that law, the official objectively could have believed that her conduct was lawful.  *Ram v. Rubin,* 118 F.3d 1306, 1310 (9th Cir. 1997) (involving the qualified immunity of a social worker and a police officer).  Thus, in pleading this claim, Plaintiff must allege sufficient facts demonstrating that the CPS case workers who removed her children from her care did not have an objective basis for doing so was lawful under the circumstances.

Because Plaintiff does not presently plead sufficient facts to state a Fourteenth Amendment claim, this claim is dismissed without prejudice and with leave to amend.

**III.    Order**

IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is to file Plaintiff's Complaint (ECF No. 1-1) on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint stating Fourth and Fourteenth Amendment claims against the City of Henderson (HDP), and Clark County Department of Family Services are dismissed without prejudice and with **one opportunity** to amend.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint she must do so **no later than June 15, 2026**.  The amended complaint must be titled "AMENDED COMPLAINT" and must be complete—meaning all facts and all claims Plaintiff wishes to assert must be stated in the amended complaint.  Plaintiff must identify each entity and, potentially, each individual (even if named as Doe Defendants) who is alleged to have violated her rights as allege facts that show how each such Defendant engaged in conduct that supports Plaintiff's claims.

IT IS FURTHER ORDERED that failure to file an amended complaint in compliance with the terms of this Order will result in a recommendation to dismiss this matter in its entirety.

Dated this 12th day of May, 2026.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE