UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MELODIE HUNTER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF HENDERSON, HENDERSON POLICE DEPARTMENT, CLARK COUNTY DEPARTMENT OF FAMILY SERVICES,<br><br>Defendants. | Case No. 2:26-cv-00129-RFB-EJY<br><br>**ORDER**<br>**And**<br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff's First Amended Complaint ("FAC"). ECF No. 4. Plaintiff was granted *in forma pauperis* status on May 12, 2026. ECF No. 3.

## I. Screening Standard

When reviewing a complaint filed by a *pro se* plaintiff, the Court must identify any cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

That is, *pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Allegations of a *pro se* complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere

labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying … [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. Discussion**

A. <u>Plaintiff's First Amended Complaint</u>.

The claims asserted in Plaintiff's FAC arises from the same events as described in her original Complaint. In July 2005, Plaintiff contacted law enforcement from her home because she feared for her safety arising from the conduct of her then-boyfriend who she describes as a former NBA player. Plaintiff alleges a history of domestic violence and that she had a Protective Order in place regarding the boyfriend. When law enforcement arrived at Plaintiff's home they spoke with the boyfriend about his NBA career and ultimately arrested Plaintiff. Plaintiff's children were removed from her care by Child Protective Services ("CPS"). Plaintiff states two of her children were separated and placed in foster homes with individuals who had criminal records, raising "serious concerns regarding the standards applied when evaluating parental fitness and child safety." ECF No. 4 at 3. Plaintiff also says that after her case was transferred to the permanency process, one child was placed with his father in New York, despite the child having had limited contact with

this individual during his lifetime. *Id*. at 4. Plaintiff alleges that "Defendants failed to apply consistent standards when evaluating the fitness of the adults involved in the placement decisions." *Id*. at 3. Overall, Plaintiff alleges her bond with her children was damaged by police and CPS conduct. Plaintiff demonstrates all charges against her were dismissed or unsustainable.

Plaintiff asserts a Fourth Amendment "unlawful arrest and unreasonable seizure" claim, a Fourteenth Due Process violation, a claim under 42 U.S.C. § 1983 for interference with familial association, and municipal liability (capitalizations removed).

B. Analysis of Plaintiff's Claims.

*i. Plaintiff does not state a claim against Clark County or the City of Henderson.*

As explained in the Court's original screening order, in order to state a claim against a municipality such as Clark County or the City of Henderson based on conduct allegedly engaged in by CPS employees or Henderson Police Department ("HPD") officers, Plaintiff must allege a constitutional violation arising out of an official custom, policy, or practice. *Monell v. Department of Social Services of N.Y.*, 436 U.S. 658, 690 (1978). More specifically, a plaintiff asserting a constitutional claim against a municipality must allege: (1) the plaintiff had "a constitutional right of which [s]he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to … constitutional right; and (4) the policy is the moving force behind the constitutional violation" suffered. *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (internal quotation marks and citation omitted).

Further, before a *Monell* claim will proceed, a plaintiff must allege one of three liability theories. *Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014) (per curiam). A municipality may be held liable when it acts "pursuant to an expressly adopted official policy." *Id.* (citing *Monell*, 436 U.S. at 694); *Lytle v. Carl*, 382 F.3d 978, 982 (9th Cir. 2004). Alternatively, a municipal defendant may be held liable for a "longstanding practice or custom" that violates a constitutional right. *Thomas*, 763 F.3d at 1170 (citation omitted). Finally, a municipality may be liable when "'the individual who committed the constitutional tort was an official with final policy-making authority' or such an official 'ratified a subordinate's unconstitutional decision or action and the basis for it.'" *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1250 (9th Cir. 2010) (quoting

*Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016).

Plaintiff's FAC asserts no facts identifying an officially adopted policy, a long standing practice or custom, or an official with final policy making authority who committed the alleged constitutional violations claimed. Moreover, all of Plaintiff's facts relate solely to events involving her interaction with CPS and the HPD. Plaintiff alleges no facts identifying a custom, policy, or long standing practice broadly applied by either municipal defendant. That is, Plaintiff says "Defendants failed to apply consistent standards" to assess the fitness of adults involved in placement decisions (presumably CPS workers), but she provides no facts, other than her own event, to support this claim. ECF No. 4. "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). Moreover, a failure to train (which Plaintiff alleges) will "constitute a basis for *Monell* liability where the failure amounts to deliberate indifference to the rights of those who deal with municipal employees." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1153 (9th Cir. 2021).

The Court finds despite an opportunity to amend her Complaint following the Court providing instructions regarding how to plead a claim against a municipal defendant, Plaintiff fails to assert facts that support a claim under *Monell*. Plaintiff asserts no facts supporting the plausible claims that Clark County or the City of Henderson has a custom, policy, or long standing practice of (1) a failure to train or discipline officers, or (2) of making arrests without probable cause or with excessive force. Plaintiff also offers no facts demonstrating Clark County has a custom, policy, or long standing practice of unconstitutionally interfering with familial association. What happened to Plaintiff may certainly demonstrate weakness in the system to protect children from abuse and neglect, but her facts do not plausibly state a *Monell* claim.

The absence of any facts to support the claims against the municipal defendants, despite the opportunity to amend, leads the Court to conclude Plaintiff is unable to allege a *Monell* claim. That is, the Court finds Plaintiff does not and cannot state a claim alleging a custom, policy, or long standing practice of the municipal defendants that violates a constitutional right. Accordingly, the

Court recommends Clark County and the City of Henderson, as well as Count IV of Plaintiff's FAC, be dismissed with prejudice.

*ii. Plaintiff's standalone § 1983 claim asserting interference with familial association fails as a matter of law.*

Well settled precedent establishes 42 U.S.C. § 1983 is not a cause of action. *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996). Rather, this statute provides a vehicle for bringing claims alleging violation of federal law or the United States Constitution. *Azul–Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992), *cert. denied*, 506 U.S. 1081 (1993). For this reason, Plaintiff's standalone Count III alleging a claim under 42 U.S.C. § 1983 fails as a matter of law and must be dismissed with prejudice.

*iii. Plaintiff's "unlawful arrest" claim against John Doe Police Officers 1 and 2.*

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. Amend. IV. To state a claim for unlawful arrest under the Fourth Amendment, Plaintiff must allege she was arrested without probable cause. *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (internal citations and quotations omitted). "Probable cause exists when there is a fair probability or substantial chance of criminal activity … based upon the totality of the circumstances known to the officers at the time of the arrest." *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015) (quoting *United States v. Patayan Soriano*, 361 F.3d 494, 505 (9th Cir. 2004) (cleaned up).

In support of her unlawful arrest claim, Plaintiff alleges she called the police for assistance when an escalating domestic violence situation involving her boyfriend arose at her home. Plaintiff's boyfriend is alleged to be a former NBA player and the officers are alleged to have engaged him in conversation about his career upon their arrival. Plaintiff was arrested despite having a Protective Order in place against her boyfriend who had a history of domestic violence. ECF No. 4 at 2. Plaintiff says she was cooperative with police at all times and attempted to explain the circumstances underlying her call for help. *Id*. Plaintiff alleges that despite repeatedly asking why she was being arrested, the only response she received was that an off-site supervisor instructed the responding officers to place her under arrest. *Id.*

Broadly construing the allegations in Plaintiff's FAC, as the Court must do at this stage of proceeding, the Court finds what was known by the arresting officer at the time of Plaintiff's arrest does not support a finding of probable cause. Plaintiff states she had a Protective Order in place against the boyfriend who had previously engaged in domestic violence. Plaintiff also states the officers became engrossed in a conversation with the boyfriend regarding his former NBA career. Plaintiff contends she was cooperative throughout her interaction with HPD, her boyfriend was not arrested, and she was told the only reason for her arrest was instructions from a supervisor who was not on-site. These facts are sufficient to state a plausible Fourth Amendment violation against Police Officers 1 and 2 based on an arrest without probable cause. Plaintiff's Fourth Amendment, false arrest claim, may proceed against Police Officers 1 and 2.

*iv. Plaintiff does not plead facts supporting excessive force.*

The Fourth Amendment guarantees a citizen's right to be free from "unreasonable searches and seizures." U.S. Const. amend. IV. The "reasonableness" of a particular seizure "depends not only on *when* it is made, but also on *how* it is carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (internal citations omitted) (emphasis in original). The relevant inquiry is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Id*. at 397. In determining the reasonableness of a seizure effected by force, a court must balance the "nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." *Miller v. Clark Cnty.*, 340 F.3d 959, 964 (9th Cir. 2003) (internal citation and quotation marks omitted). Courts evaluate the strength of the government's interest in using force—deadly or otherwise—by examining three nonexclusive "*Graham* factors": (1) "whether the suspect poses an immediate threat to the safety of the officers or others," (2) "the severity of the crime at issue," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Glenn v. Wash. Cnty.*, 673 F.3d 864, 872 (9th Cir. 2011) (internal citation and quotation marks omitted). The "most important" factor in assessing the reasonableness of a seizure is whether the individual posed an immediate threat to the safety of the officers or others. *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (internal citation and quotation marks omitted). These factors are not exclusive. *Id*. Rather, courts "examine the totality

of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id*. (internal citation and quotation marks omitted). For example, the "quantum of force" used to arrest a suspect may constitute such a relevant factor. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010) (internal quotation marks omitted).

Here, Plaintiff states no facts demonstrating there was any force, let alone excessive force, used during her arrest. Further, while the facts do not support the conclusion that Plaintiff posed a threat of safety to anyone or that she had committed a crime, there are also no facts supporting that excessive force was used during her arrest. Because, despite two opportunities to state her claims, there is simply nothing alleged by Plaintiff supporting the conclusion that officers used force, let alone excessive force, during Plaintiff's arrest, the Court recommends this claim be dismissed with prejudice.

*v. Plaintiff does not plead facts supporting supervisory liability but finds dismissal without prejudice appropriate.*

Supervisory liability under 42 U.S.C. § 1983 requires a plaintiff to plead facts demonstrating (1) the supervisor's "personal involvement in the constitutional deprivation," or (2) "a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). "[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991) (internal citation and quotation marks omitted). Plaintiff's pleaded facts are not sufficient to support the conclusion that the supervisor who allegedly instructed the officers on scene to arrest Plaintiff received an accurate rendition of facts such that the supposed instruction to arrest was made knowing probable cause to do so was lacking. In sum, the facts Plaintiff pleads in support of bringing a claim against John Doe Supervisor 1 simply do not cross the line from possible to plausible. *Twombly*, 550 U.S. at 557 (a complaint must contain enough "factual enhancement" to cross the "the line between possibility and plausibility.") For this reason, the Court dismisses Plaintiff's claims against John Doe Supervisor 1 without prejudice. To

the extent Plaintiff develops facts sufficient to assert this claim, she is not foreclosed from timely seeking leave to amend during the course of discovery in this matter.

*vi. Plaintiff's Fourteenth Amendment due process claim may proceed.*

While the Fourteenth Amendment "guarantees that parents will not be separated from their children without due process of law," the right is not absolute but subject to exceptions arising from emergencies. *Mabe v. San Bernadino Cnty., Dept. of Pub. Soc. Serv's*, 237 F.3d 1101, 1107 (9th Cir. 2001) (citing *Stanley v. Illinois*, 405 U.S. 645, 651 (1972)). "[O]fficials may remove a child from the custody of its parent without prior judicial authorization" if at the time of removal such officials possess "reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 2000). However, an official may violate the Fourteenth Amendment "if they remove a child from the home absent information at the time of the seizure that establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury." *Rogers v. Cnty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007) (quotation marks and citation omitted). Nonetheless, allegations that a parent was "never convicted of any child-related crime" and "[p]rior claims were ruled unfounded" are insufficient "to plausibly allege Defendants lacked reasonable cause to remove … [a] child and therefore violated the Fourteenth Amendment." *Milner v. Dodd*, Case Nos. 25-cv-03350-JSC, 25-cv-03428-JSC, 2025 WL 3563714, at *2 (N.D. Cal. Dec. 12, 2025). In contrast, the right to familial companionship "has been recognized in cases that do not constitute a permanent deprivation" of the parent-child relationship. *Mendoza v. Brewster Sch. Dist.*, Case No. CV-05-327-RHW, 2007 WL 2220202, at *2 (E.D. Wash. July 31, 2007).

Plaintiff's children were initially removed at the time of Plaintiff's arrest, which arose from her calling police because she thought there was sufficient danger posed by her boyfriend that protection from him was necessary. Indeed, Plaintiff says she feared for her safety and had experienced prior domestic violence sufficient to obtain a Protective Order against her boyfriend. But, Plaintiff also makes clear that while she sought protection from her boyfriend, the initial removal of and continued separation from her children by CPS "occurred without adequate

justification and without the application of consistent standards." Plaintiff contends the separation was prolonged when Defendant Savino transferred the case to the permanency process prematurely. In fact, Plaintiff alleges that despite dismissal of all charges and allegations used to support CPS intervention, she continued to be separated from her children. Plaintiff concludes that CPS "knew or should have known that that their actions would interfere with Plaintiff's constitutionally protected parental rights."

Plaintiff's allegations are offered in support of her due process claim against Clark County, Nicole Savino, and John Doe CPS Worker 2. However, as explained above, Plaintiff fails to state a claim against Clark County. Thus, the analysis of this claim is applicable only as to claims asserted against Defendant Savino and John Doe CPS Permanency Worker 2. To this end, the Court finds the totality of the facts alleged create a serious question of whether there was reasonable cause to remove Plaintiff's children from her care as Plaintiff pleads facts establishing a basis to proceed on her Fourth Amendment assertion that her arrest was without probable cause. Thus, while the dismissal of all claims alone may be insufficient to state a claim, the Court finds Plaintiff alleges sufficient additional facts to state a Fourteenth Amendment claim. Plaintiff's claim under the Fourteenth Amendment may proceed against Defendant Savino and John Doe CPS Worker 2.

## III. Order

IT IS HEREBY ORDERED that Plaintiff's Fourth Amendment claim asserting an arrest without probable cause may proceed against John Doe Henderson Police Officers 1 and 2.

IT IS FURTHER ORDERED that Plaintiff's Fourteenth Amendment claim asserting a violation of the Fourteenth Amendment due process rights may proceed against Defendant Nicole Savino and John Doe CPS Worker 2.

IT IS FURTHER ORDERED that Plaintiff's claim asserting an arrest without probable cause against John Doe Supervisor 1 is dismissed without prejudice. Plaintiff may seek timely leave to amend in the future based on information uncovered during the discovery process.

IT IS FURTHER ORDERED that the Clerk of Court must issue four summonses, one each for Nicole Savino, John Doe Henderson Police Officer 1, John Doe Henderson Police Officer 2, and John Doe CPS Permanency Worker 2.

IT IS FURTHER ORDERED that the Clerk of Court must send Plaintiff four USM-285 forms. Plaintiff must complete one for each Defendant to the best of her ability and return the completed forms no later than **September 14, 2026** to:

Gary G. Schofield
U.S. Marshal, District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. S., Suite 2058
Las Vegas, Nevada 89101

IT IS FURTHER ORDERED that the Clerk of Court must deliver the summonses, four copies of Plaintiff's First Amended Complaint (ECF No. 4), and four copies of this Order to the U.S. Marshal Service.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** serve process on Defendants Nicole Savino and John Doe CPS Permanency Worker 2, together with copies of the First Amended Complaint and this Order in compliance with Nevada Rule of Civil Procedure 4.2(d)(1). Nevada Rule of Civil Procedure 4.2(d)(1) states that service of political subdivisions of the state and their employees requires (1) delivering a copy of the summonses, First Amended Complaint, and a copy of this Order to (a) the Attorney General, or a person designated by the Attorney General to receive service of process, at the Office of the Attorney General in Carson City; and (b) the person serving in the office of administrative head of the named public entity, or an agent designated by the administrative head to receive service of process.

Thus, within 21 days of receipt of the completed USM-285 forms from Plaintiff, the U.S. Marshal Service **must deliver** the summonses issued for Nicole Savino and John Doe CPS Permanency Worker 2 together with two copies of the First Amended Complaint and this Order to: (1) the Nevada Attorney General's Office in Carson City, and (2) Frank Prado, Family Services Director, Division of Child and Family Services, 1350 S. Jones Boulevard, Las Vegas, NV 89146.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must deliver** the summonses for John Doe Henderson Police Officers 1 and 2, together with two copies of the First Amended Complaint and this Order to the following:

Nicholas Vaskov
City Attorney
City of Henderson
240 Water Street, 4th Floor
Henderson, NV 89015

IT IS FURTHER ORDERED that the Clerk of Court is also to send one courtesy copy of this Order, Plaintiff's First Amended Complaint, and the summonses to: Nicholas.Vaskov@cityofhenderson.com. The message accompanying the email must state:

To: Nicholas Vaskov, City Attorney
From: Office of the Clerk of Court; United States District Court for the District of Nevada
Re: Acceptance of Service

The Court kindly asks that you review the enclosed Order, First Amended Complaint with attachments, and summonses and, no later than **September 14, 2026**, and advise whether the City of Henderson will accept service on behalf of John Doe Henderson Police Officers 1 and 2. The attachments to the First Amended Complaint should provide what is needed to identify the officers currently sued as John Doe 1 and 2.

If service is accepted, the responsive pleading will be due **November 13, 2026**. If service is not or cannot be accepted, IT IS FURTHER ORDERED that the City of Henderson is asked to file the names and last known addresses for John Doe Officers 1 and 2 with the Court, under seal, and not served on Plaintiff. The Court will then order service on the officers by the U.S. Marshal Service.

IT IS FURTHER ORDERED that a courtesy copy of this Order together with the First Amended Complaint and summonses are to be mailed to Lyssa Anderson, Kaempfer Crowe; 1890 Festival Plaza Drive, Las Vegas, NV 89130. The envelope is to be marked "COURTESY COPY."

**IV Recommendation**

IT IS HEREBY RECOMMENDED that the following be dismissed with prejudice: (1) all claims against Clark County and the City of Henderson as variously alleged in Counts I, II, and IV; (2) Plaintiff's excessive force claim in Count I against John Doe Henderson Police Officers 1 and 2; and (3) Count III of the FAC alleging a violation of 42 U.S.C. § 1983.

Dated this 17th day of August, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court holds the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).